# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| **EVELYN J. MUNCIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CAUSE NO. |
| | ) |
| **KINDRED NURSING CENTERS** | ) |
| **LIMITED PARTNERSHIP d/b/a** | ) |
| **WINCHESTER CENTRE FOR** | ) |
| **HEALTH AND REHABILITATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Evelyn J. Muncie ("Muncie"), by counsel, brings this action against Defendant, Kindred Nursing Centers Limited Partnership d/b/a Winchester Centre for Health and Rehabilitation ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq., American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq.

### II. PARTIES

2. Muncie is a resident of Clark County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Eastern District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Eastern District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5. Muncie's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. Muncie, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Muncie, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

9. Muncie has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

10. Muncie is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

11. Muncie exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, and filing this complaint within ninety days of receipt of her Notice of Right to Sue.

12. The events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Eastern District of Kentucky, thus venue is proper in this Court.

## IV. Factual Allegations

13. Muncie began working for the Defendant on or about December 4, 2006 as a Licensed Practical Nurse ("LPN"). Muncie reported to the Director of Nursing Services, Imogene Koutoulas.

14. At all relevant times, Muncie met or exceeded Defendant's legitimate performance expectations.

15. Muncie was employed without interruption until June 12, 2008, when Defendant terminated her employment.

16. In the twelve months immediately preceding June 15, 2008, Muncie had worked in excess of 1250 hours for the Defendant.

17. Muncie suffers from a physical impairment, Multiple Sclerosis (MS), that substantially limits one or more of her major life activities and, therefore, suffers from, has a record of, and/or was regarded as having a "disability" as that term is defined by 42 U.S.C. §§ 12102(2).

18. Nevertheless, Muncie could perform all the essential functions of the LPN position with and/or without an accommodation and was therefore "qualified" as defined by 42 U.S.C. § 12111(8).

19. Defendant was aware of Muncie's MS by virtue of her leaves of absence related to her condition. In addition, Muncie personally advised Koutoulos, Dave Johnston, Acting Executive Director and Robert Hollins, Executive Director of her condition.

20. Muncie learned that she would need monthly infusions to treat her MS in January 2008. She promptly informed Koutoulos that she would need to take time off for these treatments

and the associated recovery time. She specifically requested FMLA leave, but Koutoulos refused to provide Muncie with the paperwork; instead, Koutoulos responded that they "would play it by ear."

21. After her first treatment in February, Muncie again requested the paperwork to apply for FMLA leave and again Koutoulos failed to provide it. So, Muncie went to the Acting Executive Director, Dave Johnston, to explain the severity of her condition and her need for leave. Mr. Johnston allowed Muncie to leave on the day in question and indicated that Muncie's FMLA paperwork would be available to her later that afternoon. Muncie's husband picked the paperwork up later that afternoon and it was diligently completed and submitted to the Defendant.

22. Muncie submitted a Certificate of Healthcare Provider Form in which her physician indicated that she would need intermittent leave on a monthly basis for one to two days per month for infusions for her condition.

23. On or about March 7, 2008, Muncie did not feel well following her return to work after having an infusion for her disability. When Muncie informed Koutoulos, she was told that "we all don't feel well, but we are still here" and that if she went home, her employment would be terminated. Muncie was told similar information by several other supervisory employees, such as Marty Merkel, Elizabeth Smith and Marie Jones.

24. As a reasonable accommodation for her disability, in early May, Muncie offered to move to a nursing position on B-Wing in exchange for a stable Monday through Friday, dayshift schedule. Defendant (by and through Koutoulos and Sheila Gray) agreed to Muncie's proposal. About two weeks later, when Muncie's new position and schedule were to commence, the posted schedule did not reflect her new agreed upon schedule. Muncie complained to Hollins, who in

turn contacted Koutoulus to confirm that Muncie's schedule was to be changed permanently. Koutoulus confirmed the arrangement to Hollins.

25. Inexplicably, when Koutoulus returned from vacation, she called Muncie into a meeting and revoked the accommodation. Koutoulus told Muncie that she was revoking the position due to Muncie's inconsistency at work; a direct reference to Muncie's intermittent leave under the FMLA to treat her disability.

26. On or about May 5, 2008, Defendant gave Muncie a Written Counseling for too many absences within the previous twelve month period. The administration of the Written Counseling was motivated by Muncie's absences related to her MS and exercise of her rights under the FMLA. In fact, the Attendance Consultation Form specifically counts dates that Muncie used or needed leave under the FMLA against her.

27. On or about May 16, 2008, Muncie engaged in protected activity when she complained to Amy Joe, a Human Resource Representative for Defendant, about the mistreatment that she was suffering due to her disability, including the revocation of the schedule accommodation associated with the B-wing nursing position.

28. On or about June 6, 2008, Muncie was not feeling well due to her disability and needed to utilize leave under the FMLA. She reported her condition and attempted to give her nurse's report to Shannon Culvert, who became visibly angry at Muncie and stormed off. On the following Monday, June 9, 2008, Koukoulus suspended Muncie.

29. On or about June 12, 2008, Koukoulus informed Muncie that her employment was terminated. Koukoulus specifically referred to Muncie's attendance resulting from her disability and use of intermittent leave under the FMLA as the reason for her discharge. Koukoulus also

stated that another reason Muncie was being terminated was that she left due to her disability on June 6, 2008 without giving a nurses report; however, as noted above, Muncie attempted to give the report to her supervisor, but Culvert stormed off. Finally, Koukoulus also alleged that Muncie failed to give scheduled nebulizer treatments; however, Muncie gave all scheduled treatments.

30. Similarly-situated non-disabled individuals and/or non-FMLA-takers have not been terminated under similar or more egregious infractions than that which Muncie was accused.

### V. CAUSES OF ACTION

#### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

31. Muncie hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Defendant unlawfully interfered with the exercise of Muncie's rights under the FMLA.

33. Defendant's actions were intentional, willful and in reckless disregard of Muncie's rights as protected by the FMLA.

34. Muncie suffered damages as a result of Defendant's unlawful actions.

#### COUNT II: VIOLATION OF THE FMLA - RETALIATION

35. Muncie hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint.

36. Defendant unlawfully retaliated against Muncie for the exercise of her rights under the FMLA.

37. Defendant's actions were intentional, willful and in reckless disregard of Muncie's rights as protected by the FMLA.

38. Muncie suffered damages as a result of Defendant's unlawful actions.

## COUNT III: DISABILITY DISCRIMINATION

39. Muncie hereby incorporates paragraphs one (1) through thirty-eight(38) of her Complaint.

40. Defendant violated Muncie's rights by terminating her employment because of her disability.

41. Defendant's actions were intentional, willful and in reckless disregard of Muncie's rights as protected by the ADA and KRS 344.040.

42. Muncie has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT IV: DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

43. Muncie hereby incorporates paragraphs one (1) through forty-two (42) of her Complaint.

44. Defendant failed to provide a reasonable accommodation for Muncie's disability.

45. Defendant's actions were intentional, willful and in reckless disregard of Muncie's rights as protected by the ADA and KRS 344.040.

46. Muncie has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT V: RETALIATION

47. Muncie hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint.

48. Muncie engaged in protected activity when she reported that she believed that she was being discriminated against based on her Multiple Sclerosis.

49. Defendant terminated Muncie's employment in retaliation for her engaging in the above reference protected activity.

50. Defendant's actions were intentional, willful and in reckless disregard of Muncie's rights as protected by the ADA and KRS 344.040.

51. Muncie has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Evelyn Muncie, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages;

5. Compensatory damages for Defendant's violations of the ADA and KCRA;

6. Punitive damages for Defendant's violation of the ADA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:     (502) 561-3418
Facsimile:     (502) 561-3444
Email:         ad@bdlegal.com

Attorneys for Plaintiff, Evelyn J. Muncie

## DEMAND FOR JURY TRIAL

Plaintiff, Evelyn J. Muncie, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:   /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:     (502) 561-3418
Facsimile:     (502) 561-3444
Email:         ad@bdlegal.com

Attorneys for Plaintiff, Evelyn J. Muncie